UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:10-cv-362-RJC-DSC

| | |
|---|---|
| CLAUDIA CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ASHLEY FURNITURE INDUSTRIES, ) | |
| INC.; ISH MOORE, INC. d/b/a ) | |
| Ashley Furniture HomeStores; and ) | |
| ASHLEY HOMESTORES, LTD. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on "Defendants Ashley Furniture Industries, Inc.'s and Ashley HomeStores, Ltd.'s Motion to Dismiss or In the Alternative, Motion for Summary Judgment" (Doc. No. 14); "Defendant Ish Moore Inc.'s Motion to Dismiss" (Doc. No. 17); "Defendants Ashley Furniture Industries, Inc.'s and Ashley HomeStores, Ltd.'s Motion for Sanctions" (Doc. No. 22); and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 35).

## I.     BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth in the M&R.

## II.    STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

## III. DISCUSSION

Federal Rule of Civil Procedure 72(b) allows a party fourteen days to file specific written objections to a Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). The parties received a copy of the M&R informing them of the 14-day objection deadline. (Doc. No. 35 at 21). Neither the plaintiff nor the defendants filed any objections during the time period reserved for them, so this Court reviews the M&R for clear error. After a careful review of the record in this case, this Court finds that the Magistrate Judge's Recommendation is consistent with and supported by the law. Thus, the M&R is hereby adopted as the final decision of this Court for all purposes in this case.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants Ashley Furniture Industries, Inc.'s and Ashley HomeStores, Ltd.'s Motion to Dismiss (Doc. No. 14) is **GRANTED**, and Plaintiff's First Amended

Complaint is **DISMISSED WITH PREJUDICE** with regard to all claims against Ashley Furniture and Ashley HomeStores;

2. Defendant Ish Moore, Inc.'s Motion to Dismiss (Doc. No. 17) is **GRANTED IN PART and DENIED IN PART**, and Plaintiff's First Amended Complaint is **DISMISSED WITH PREJUDICE** with regard to all claims against Ish Moore **EXCEPT** Plaintiff's claims for violation of 42 U.S.C. § 1981 and wrongful discharge under NCEEPA; and

3. Defendants Ashley Furniture Industries, Inc.'s and Ashley HomeStores, Ltd.'s Motion for Sanctions (Doc. No. 22) is **DENIED**.

**SO ORDERED.**

Signed: December 1, 2010

Robert J. Conrad, Jr.
Chief United States District Judge